IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

Patent Armory Inc.,

        Plaintiff,

v.

Google LLC,

        Defendant.

_____

Civil Action No. 6:23-cv-575-ADA

**JURY TRIAL DEMANDED**

**DEFENDANT GOOGLE LLC'S RULE 12(b)(6)**
**<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ...................................................................................................... 2

       A.     Factual Background ............................................................................... 2

       B.     Legal Standard ...................................................................................... 6

       C.     Plaintiff's Amended Complaint Fails to Plausibly Allege Infringement .............. 8

              1.     The Amended Complaint fails to identify any corresponding
                     structures in the '413 specification for performing the claimed
                     functions ..................................................................................... 8

              2.     The Amended Complaint fails to plausibly plead structures in the
                     Pixel 8 Pro that perform the claimed functions ............................. 9

              3.     The Amended Complaint fails to plausibly plead direct or indirect
                     infringement of method claim 9 because it does not and cannot
                     point to a single actor who performs each of the steps ............................ 12

III.   CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ALD Soc., LLC v. Apple, Inc.*,
No. 23-cv-02695-JSC, 2023 WL 4747374 (N.D. Cal. July 24, 2023).....................................7

*ALD Soc., LLC v. Verkada, Inc.*,
654 F. Supp. 3d 972 (N.D. Cal. 2023) ...................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................................6

*Ask Sydney, LLC v. Amazon.com Servs. LLC*,
No. W-23-cv-00108-XR, 2023 WL 5216815 (W.D. Tex. Aug. 14, 2023)..............................7

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016) .....................................................................................7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................................6

*Blackboard, Inc. v. Desire2Learn, Inc.*,
574 F.3d 1371 (Fed. Cir. 2009)..............................................................................................9

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) .............................................................................................6, 8

*Cedar Lane Techs. Inc. v. Blackmagic Design Inc.*,
Case No. 20-cv-01302-VC, 2020 WL 6789711 (N.D. Cal. Nov. 19, 2020) ...........................1

*Judin v. United States*,
110 F.3d 780 (Fed. Cir. 1997)..............................................................................................11

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
572 U.S. 915 (2014)...............................................................................................................12

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
545 F.3d 1359 (Fed. Cir. 2008)...........................................................................................7, 9

*Rain Computing, Inc. v. Samsung Elecs. America, Inc.*,
989 F.3d 1002 (Fed. Cir. 2021)..............................................................................................9

*Safecast Limited v. AT&T Corp.*,
No. 6:22-cv-676-ADA, ECF No. 34 (W.D. Tex. Jun. 26, 2023)..............................................6

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*The Cleveland Clinic Found., Cleveland Heartlab, Inc. v. True Health
        Diagnostics LLC*,
        859 F.3d 1352 (Fed. Cir. 2017)..............................................................................13

*In re TLI Commn's LLC Patent Litigation*,
        87 F. Supp. 3d 773 (E.D. Va. 2015) ...................................................................7, 10

*Tobii Tech., Inc. v. Weinblatt*,
        No. 2:20-cv--08062 (BRM) (JSA), 2021 WL 3879132 (D.N.J. Aug. 30, 2021).............7, 8, 10

*Williamson v. Citrix Online LLC*,
        792 F.3d 1339 (Fed. Cir. 2015) (en banc)...........................................................7, 8

*WMS Gaming, Inc. v. Int'l Game Tech.*,
        184 F.3d 1339 (Fed. Cir. 1999)............................................................................9

**Statutes**

35 U.S.C. § 112 ¶ 6............................................................................................7

**Other Authorities**

Rule
        11............................................................................................................10
        12(b)(6) ...................................................................................................*passim*

## I.    INTRODUCTION

Defendant Google LLC ("Google") respectfully moves for the Court to dismiss Plaintiff Patent Armory Inc.'s ("Plaintiff") Amended Complaint under Rule 12(b)(6).  Plaintiff's Amended Complaint fails to state any plausible claim of infringement because each patent claim recites "means" plus function claims and the Amended Complaint fails to plausibly allege what, if any, means performs the claimed functions.

After dropping all six patents in its original Complaint, Plaintiff's Amended Complaint asserts a single patent – U.S. Patent No. 8,275,413 ("the '413 patent") – and alleges that claims 1, 6, 8, and 9 of the '413 patent are infringed by Google's Pixel 8 Pro phone.  Each of the claims recite "computational means" and "output means," as well as the well-established nonce term "module."  Because each claim is a means-plus-function claim, Plaintiff's Amended Complaint fails for two reasons.  First, the Amended Complaint fails to identify *any* corresponding structures disclosed in the specification for performing the claimed functions.  Second, the Amended Complaint fails to plausibly plead structures in the Pixel 8 Pro that perform the claimed functions. This comes as no surprise because the evidence cited in the pleading strongly supports the notion that *Plaintiff failed to inspect a Pixel 8 Pro before filing the Amended Complaint*.  Instead of taking the reasonable steps of purchasing and testing a Pixel 8 Pro, Plaintiff instead relied on websites, including several third-party websites discussing unverified leaks that predated the launch of the Pixel 8 Pro.[1]  As amendment would be futile, and because the Amended Complaint is Plaintiff's

---

[1] Apart from the face of the pleadings, Plaintiff's counsel, who in 2023 alone filed 255 cases, has repeatedly dodged answering the simple question of whether he inspected a Pixel 8 Pro prior to filing the Amended Complaint.  Plaintiff's counsel has been previously sanctioned for filing frivolous pleadings.  *See Cedar Lane Techs. Inc. v. Blackmagic Design Inc.*, Case No. 20-cv-01302-VC, 2020 WL 6789711 (N.D. Cal. Nov. 19, 2020).

second attempt to plausibly plead infringement, Google respectfully requests that the Court dismiss the Amended Complaint with prejudice.

Additionally, for claim 9, which is a method claim, Plaintiff fails to identify a single actor performing each of the steps and, therefore, has failed to allege a claim for either direct or indirect infringement.  Indeed, Plaintiff points to a user performing one of the steps, but does not (and cannot) point to a user performing the other steps of claim 9.  For this further reason, Plaintiff's Amended Complaint fails to plausibly allege infringement and should be dismissed.

## II.   ARGUMENT

### A.   Factual Background

On August 7, 2023, Plaintiff filed its original Complaint asserting six patents and accusing products unrelated to the currently accused Pixel 8 Pro.  After Google sent Plaintiff a letter explaining that Plaintiff's original Complaint was frivolous and harassing for, among other reasons, failing to meet the bare minimum pleading standard, Plaintiff dropped its assertion of all six patents.  Instead, Plaintiff filed an Amended Complaint asserting claims 1, 6, 8, and 9 of the '413 patent against the Pixel 8 Pro.[2]

The '413 patent is directed to a mobile communication device (such as a cell phone) that incorporates an electromagnetic radiation sensor (such as an infrared sensor) for measuring temperature.  ('413 patent, col. 1:13-16; 3:45-46 ("FIG. 1 shows a cell phone back side (left) and front side (right) having an IR lens and video lens.").)

---

[2] Plaintiff's Amended Complaint incorrectly asserts that "[t]he service of the Original Complaint filed in the present case on August 7, 2023, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here."  (ECF No. 12 at 3.)  The original Complaint asserted 6 patents that are unrelated to the currently asserted '413 patent. Therefore, service of the original Complaint did not provide Google with knowledge of the '413 patent.



*Fig. 1*

The '413 patent specification recognized that including an infrared ("IR") sensor in a cell phone is not inventive. (*Id.* at col. 1:19-24 ("Most wireless communication devices (cellular or mobile telephones) incorporate additional non-communication features, such as imaging (photo and video) … etc. There are numerous inventions that attempt to include among these additional features the measurement and/or monitoring of external signals such as temperature."); col. 2:3-5 ("There are numerous patents related to non-contact temperature measurements by means of thermal (infrared) radiation passively emanating from a surface of an object.").) Indeed, the '413 patent specification identifies as prior art "U.S. Patent No. 7,947,222 issued to Bae et al" ('413 patent, col. 1:27-29), and Bae claims a "**mobile communication terminal** . . . wherein **the non-contact temperature sensor is an infrared temperature sensor**." (Bae, col. 6:42-44 (emphasis added); *see also* FIG. 2 and col. 4:35-36 ("The non-contact temperature sensor 13 is preferably an infrared sensor.").)

-3-

FIG.2



The '413 patent, therefore, cannot try to claim that an IR sensor in a cell phone is inventive. Rather, the '413 patent specification states that "a goal of the present invention is to combine the functionalities of the built-in digital photo camera, a non-contact thermometer and a ***pattern recognition algorithm*** for guiding the user for a proper positioning of the mobile communication device, thus insuring the optimal conditions for obtaining a reliable temperature measurement." ('413 patent, col. 3:4-9 (emphasis added).)  The '413 specification further explains that this pattern recognition algorithm is carried out by the "computational means" of the claims: "The microprocessor 26 (**computational means** that may include memory) controls all external components and **performs necessary computation and image pattern recognition** according to the algorithms described below."  ('413 patent, col. 4:43-47 (emphasis added).)

As shown below, asserted claims 1, 6, 8, and 9 of the '413 patent all recite "computational means," "output means," and the well-established nonce term "module."

> **1**. A mobile communication device comprising a computational means and output means, further comprising a module incorporating a non-contact temperature sensor for receiving from an external surface electromagnetic radiation in the infrared spectral range, such non-contact temperature sensor generates a signal.

> **6**. The mobile communication device of claim **1**, wherein said external surface is part of a head of a human.

> **8**. A mobile communication device comprising a computational means and output means, further comprising:
>     a module for receiving and measuring a magnitude of electromagnetic radiation, wherein said electromagnetic radiation is generated by a source that is not being part of the mobile communication device, and such module comprising at least one antenna adapted for operation in the radio frequency range.

> **9**. A method of measuring the magnitude of electromagnetic radiation in a selected location by a mobile communication device, consisting of the steps of:
>     providing a mobile communication device that comprises a housing, a digital imaging sensor having a first field of view, such sensor is for generating a digital image of the selected location, a computational means, and an output means for conveying information to an operator;
>     incorporating into the housing a module that is responsive to intensity of the electromagnetic radiation in a selected spectral range;
>     positioning the housing in a vicinity of the selected location;
>     generating by the module a signal representative of the electromagnetic radiation;
>     processing said signal to extract information related to intensity of the electromagnetic radiation in the selected location, and
>     sending said information to the output means for conveying the information to the operator.

Plaintiff's Amended Complaint does not address the fact that these claims are means-plus-function claims. Rather, Plaintiff's Amended Complaint includes a claim chart that cites to eight

webpages – two Google webpages and six non-party webpages.  (*See* ECF No. 12-2.)  The chart includes cursory allegations and provides screenshots of certain portions of some of the webpages.  Importantly, the chart fails (1) to identify what corresponding structures, if any, in the '413 patent specification perform the claimed functions, and (2) to plausibly allege structures in the Pixel 8 Pro for performing the claimed functions.  Additionally, the chart does not cite to any evidence demonstrating that Plaintiff inspected or tested the Pixel 8 Pro.  To the contrary, Plaintiff's allegations rely on several third-party websites discussing unverified leaks that predate the launch of the Pixel 8 Pro.  (*See* ECF No. 12-2 at 50-51.) (referencing "Google Pixel 8 camera leak details new main sensor, Pro-only upgrades more"; "Android Authority:  Exclusive:  These are leaked camera specs for the Google Pixel 8 series"; and "Google Pixel 8 Pro leak gives first look at design and new body temperature sensor").

     **B.**    **Legal Standard**

     To survive a Rule 12(b)(6) motion to dismiss, a complaint "must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' based on 'more than a sheer possibility that a defendant has acted unlawfully'."  *Safecast Limited v. AT&T Corp.*, No. 6:22-cv-676-ADA, ECF No. 34 at 2 (W.D. Tex. Jun. 26, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and citation omitted). There must be "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

Further, an "action [that] depends on a claim construction that is wrong as a matter of law" can be dismissed under Rule 12(b)(6) and "any amendment would be futile." *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 771, 778 (N.D. Ill. 2016); *accord Ask Sydney, LLC v. Amazon.com Servs. LLC*, No. W-23-cv-00108-XR, 2023 WL 5216815, at *10 (W.D. Tex. Aug. 14, 2023); *see also ALD Soc., LLC v. Verkada, Inc.*, 654 F. Supp. 3d 972, 978 (N.D. Cal. 2023) (internal citations omitted) ("[E]ven when a complaint provides sufficient factual statements, a plaintiff may still fail to plausibly state a claim where (1) the infringement allegation rests on an implausible claim construction, or (2) the factual allegations are actually *inconsistent* with and contradict infringement."); *accord ALD Soc., LLC v. Apple, Inc.*, No. 23-cv-02695-JSC, 2023 WL 4747374, *7 (N.D. Cal. July 24, 2023).  And, it is well-settled that "[a] claim element that contains the word 'means' and recites a function is presumed to be drafted in means-plus-function format under 35 U.S.C. § 112 ¶ 6." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1366 (Fed. Cir. 2008).  Additionally, "'[m]odule' is a well-known nonce word that can operate as a substitute for 'means' in the context of § 112, para. 6." *Williamson v. Citrix Online LLC*, 792 F.3d 1339, 1350 (Fed. Cir. 2015) (en banc).  Hence, courts grant Rule 12(b)(6) motions when a plaintiff fails to sufficiently identify corresponding structure for the claimed function.  *See, e.g., Tobii Tech., Inc. v. Weinblatt*, No. 2:20-cv-08062 (BRM) (JSA), 2021 WL 3879132, at *9 (D.N.J. Aug. 30, 2021) (granting Rule 12(b)(6) motion where "no algorithm has been disclosed at all" and dismissing with prejudice because "[t]he determination of the claimed function and corresponding structure of a means-plus-function claim limitation is a question of law"); *accord In re TLI Commn's LLC Patent Litigation*, 87 F. Supp. 3d 773, 804-805 (E.D. Va. 2015).

**C.      Plaintiff's Amended Complaint Fails to Plausibly Allege Infringement**

Plaintiff's Amended Complaint fails to plausibly allege infringement for two reasons. First, the Amended Complaint fails to identify any corresponding structure disclosed in the '413 patent specification for performing the claimed functions.  Second, the Amended Complaint fails to plausibly plead structures in the Pixel 8 Pro that perform the claimed functions.

**1.      The Amended Complaint fails to identify any corresponding structures in the '413 specification for performing the claimed functions**

For means-plus-function claiming, "[s]tructure disclosed in the specification qualifies as 'corresponding structure' if the intrinsic evidence clearly links or associates that structure to the function recited in the claim." *Williamson*, 792 F.3d at 1352.  Here, Plaintiff's Amended Complaint makes no attempt to identify ***any*** corresponding structures of the '413 specification for performing the claimed functions, neither in the body of the Amended Complaint nor in the attached claim chart.  (ECF No. 12-2.)  To plausibly plead infringement of a means-plus-function limitation, Plaintiff would need to first identify what structure in the '413 specification performs each claimed function, and then allege that structure is also found in the Pixel 8 Pro.  But Plaintiff entirely ignores the first step of identifying the corresponding structure for the claimed functions. Without identifying any corresponding structure from the '413 patent, Plaintiff's chart simply includes assertions such as "[t]he Google Pixel 8 Pro smartphone is a mobile communication device that has a **computational means** and an **output means**."  (*Id.* at 1 (emphasis added); *see also id.* at 21 regarding "module.")  Because the Amended Complaint fails to identify what structure in the '413 specification, if any, performs each claimed function, Plaintiff has not pled "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."  *Bot M8*, 4 F.4th at 1353; *see also Tobii*, 2021 WL 3879132, at *9

(granting Rule 12(b)(6) motion where "no algorithm has been disclosed at all" and dismissing with prejudice because "[t]he determination of the claimed function and corresponding structure of a means-plus-function claim limitation is a question of law").  Thus, the Amended Complaint can be dismissed on this basis alone.

        2.       **The Amended Complaint fails to plausibly plead structures in the Pixel 8 Pro that perform the claimed functions**

The Amended Complaint should also be dismissed because it fails to plausibly plead structures in the Pixel 8 Pro that perform the claimed functions.  The case law is clear that, for computer-implemented means-plus-function claims, an algorithm is required for performing a claimed function.  *See WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1349 (Fed. Cir. 1999) ("In a means-plus-function claim in which the disclosed structure is a computer, or microprocessor, programmed to carry out an algorithm, the disclosed structure is not the general purpose computer, but rather the special purpose computer programmed to perform the disclosed algorithm."); *accord NetMoneyIN*, 545 F.3d at 1367 (the structure was not just a "bank computer," but required an algorithm); *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1382-85 (Fed. Cir. 2009) (the structure was not just a "server computer" with an "access control manager," but required an algorithm); *Rain Computing, Inc. v. Samsung Elecs. America, Inc.*, 989 F.3d 1002, 1007 (Fed. Cir. 2021) (the structure was not just a "user identification module" and "computer-readable media or storage devices," but required an algorithm).  But the Amended Complaint fails to identify any algorithms performed by the Pixel 8 Pro, let alone algorithms from the '413 specification.  Indeed, the Amended Complaint fails to even include generic "on information and belief" allegations that such algorithms are performed by the Pixel 8 Pro or even a bare allegation that "software" performs the functions.  The Amended Complaint, therefore, should be dismissed.

*See Tobii,* 2021 WL 3879132, at *9 (granting Rule 12(b)(6) motion where "no algorithm has been disclosed at all" and dismissing with prejudice because "[t]he determination of the claimed function and corresponding structure of a means-plus-function claim limitation is a question of law"); *accord In re TLI*, 87 F. Supp. 3d at 804-805.

Further, Plaintiff cannot cure this deficiency, because Plaintiff would have no Rule 11 basis to plausibly allege that the required algorithms are performed by the Pixel 8 Pro. Specifically, among the required algorithms for performing the claimed functions of the invention is a pattern recognition algorithm. The '413 specification expressly states that "a goal of the present invention is to combine the functionalities of the built-in digital photo camera, a non-contact thermometer and a ***pattern recognition algorithm*** for guiding the user for a proper positioning of the mobile communication device, thus insuring the optimal conditions for obtaining a reliable temperature measurement." ('413 patent, col. 3:4-9 (emphasis added).) The '413 specification further explains that this pattern recognition algorithm is carried out by the "computational means" of the claims: "The microprocessor 26 (**computational means** that may include memory) controls all external components and **performs necessary computation and image pattern recognition** according to the **algorithms** described below." ('413 patent, col. 4:43-47 (emphasis added).) For example, figure 10 of the specification "illustrates a basic flowchart of a recognition algorithm for landmarks such as eyebrows or eyelids." ('413 patent, col. 6:43-44.)



Claims 1, 6, 8, and 9 each require a "computational means," which in turn requires a pattern recognition algorithm. Yet the Amended Complaint fails to allege that the algorithm in FIG. 10 or, for that matter, any pattern recognition algorithm is performed by the Pixel 8 Pro. This comes as no surprise. Had Plaintiff actually inspected a Pixel 8 Pro and used its temperature sensing feature, Plaintiff would have quickly realized that the Pixel 8 Pro lacks any pattern recognition algorithm to guide the measurement of temperatures. A user simply points the temperature sensor at the object to be measured. Instead of taking the reasonable steps of purchasing and testing a Pixel 8 Pro, Plaintiff instead relied on several third-party websites discussing unverified leaks that predated the launch of the Pixel 8 Pro and that also did not discuss any pattern recognition capability, because none exists. (*See* ECF No. 12-2 at 50-51.) Plaintiff's deficient complaint is a result of Plaintiff's failure to make a reasonable inquiry prior to filing the Amended Complaint. *See Judin v. United States*, 110 F.3d 780, 783, 784 (Fed. Cir. 1997) (noting that Plaintiff "could have purchased a device for a minuscule amount, compared to the cost of the litigation" and "neither [the plaintiff] or his counsel had made a reasonable effort to ascertain whether the accused

devices satisfied the two key limitations . . . .  No adequate explanation was offered for why they failed to obtain, or attempted to obtain, a sample of the accused device … so that its actual design and functioning could be compared with the claims of the patent.").

Plaintiff should not have yet another opportunity to amend its deficient complaint. Amendment would be futile because the Pixel 8 Pro lacks any pattern recognition algorithm. Additionally, the Amended Complaint is already Plaintiff's second attempt to plausibly plead infringement.  Google respectfully asks that the Court dismiss the Amended Complaint with prejudice.

3.    **The Amended Complaint fails to plausibly plead direct or indirect infringement of method claim 9 because it does not and cannot point to a single actor who performs each of the steps**

The Amended Complaint also fails to plead that a single actor performs each of the method steps in claim 9 and, therefore, fails to plausibly allege direct or indirect infringement.  In *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915 (2014), the Supreme Court held that "a method patent is not directly infringed—and the patentee's interest is thus not violated—unless a single actor can be responsible for the performance of all steps of the patent." *Id.* at 924.  The Supreme Court further held that induced infringement cannot occur without direct infringement. *Id.*

Here, Plaintiff does not and cannot point to a single actor who performs each of the steps. To the contrary, Plaintiff has alleged that "a user of the Google smartphone" performs the step of "positioning the housing in a vicinity of the selected location." (ECF No. 12-2 at 44.)  However, other limitations clearly are steps that (if performed at all) cannot be performed by the user, e.g., "processing said signal to extract information related to intensity of the electromagnetic radiation in the selected location." (*Id.* at 48.)  Indeed, Plaintiff does not allege that a user performs this step.  Plaintiff alleges that "the Google Tensor SoC CPU device processes the signal to extract

information of the infrared electromagnetic radiation, in the location at which the temperature sensor is pointed." Further, for the step of "generating by the module a signal representative of the electromagnetic radiation," Plaintiff does not even cite to a Google website, but to a third-party website. (*Id.* at 46-48.) So, even if this step were somehow attributed to the user (which it cannot be), the cited third-party website cannot plausibly show that Google has any intent to induce users to infringe. *See The Cleveland Clinic Found., Cleveland Heartlab, Inc. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) (affirming grant of Rule 12(b)(6) motion and holding that "[t]he mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven"). Because Plaintiff fails to point to a single actor and because Plaintiff fails to allege sufficient evidence of intent to induce infringement, it has not plausibly pled infringement of method claim 9, and the Amended Complaint should be dismissed for this additional reason.

## III. CONCLUSION

For the reasons explained above, Google respectfully requests that the Court grant Google's motion to dismiss with prejudice.

Dated: January 16, 2024

By: */s/ Reuben H. Chen*
Heidi L. Keefe (CA Bar 178960)
hkeefe@cooley.com
Reuben H. Chen (CA Bar 228725)
rchen@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone:    (650) 843-5000
Fax:                (650) 849-7400

Paige Arnette Amstutz
Texas State Bar No. 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

*Attorneys for Defendant Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 16, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/  Reuben H. Chen*

Reuben H. Chen

296529503 v8